IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SCOTTY B. KILGO                                                                                    PLAINTIFF

V.                                                                          CAUSE NO.: 1:13CV229-SA-DAS

RANDY TOLAR, SHERIFF OF PRENTISS COUNTY,
MISSISSIPPI, in his official capacity, and
PRENTISS COUNTY, MISSISSIPPI                                                            DEFENDANTS

MEMORANDUM OPINION

Scotty Kilgo brought this cause of action against Prentiss County and its Sheriff, Randy Tolar, alleging that the Prentiss County Sheriff's Department violated his constitutional and state law rights during a traffic stop on September 28, 2012. Defendants have filed a Motion for Summary Judgment [30] contending that there is no liability under Section 1983 and the United States Constitution and the Mississippi Tort Claims Act. The Court has reviewed the motion, exhibits, responses, rules and authority and finds as follows:

*Factual and Procedural Background*

Scotty Kilgo, an automotive mechanic in Alcorn County, Mississippi, was entrusted with Max Butler's black 1985 Chevrolet Corvette in September of 2012. One Friday afternoon, Kilgo and Donald Hall, another customer, drove the 1985 Chevrolet Corvette through Prentiss County, Mississippi on an errand. During the trip, Kilgo encountered a roadblock set up by the Prentiss County Sheriff's Department. While Kilgo had a valid driver's license, he did not have proof of insurance on Max Butler's vehicle. Further, the tag on the Corvette was expired. Kilgo either called attention to or the officer noticed a loaded firearm in the vehicle between the driver's seat and the center console. Both Kilgo and Hall were removed from the car. A background check

evidenced Hall had a prior felony, which resulted in the firearm being seized by the Sheriff's Department.

Kilgo and Hall were patted down outside the vehicle and commanded to remove their socks and shoes while the officers searched the inside of the vehicle. Kilgo contends that officers accused him of transporting drugs due to the large amount of cash in his billfold and the condition of the car, i.e., the Corvette was missing a door handle, and a door panel was unscrewed. A deputy administered a field sobriety test on Kilgo and indicated that she believed Kilgo was under the influence of prescription drugs. Neither Kilgo nor Hall was arrested, and no warrant was secured for the search of the vehicle or the seizure of either the vehicle or firearm. Deputies required that Kilgo and Hall have someone come pick them up, and the Corvette was towed by Williams Wrecker Service. Kilgo contends that the officers "strip search" of the Corvette caused $9,500 worth of damage. The charges against Kilgo for expired tag and no proof of insurance were later dismissed, and the Grand Jury issued a "no true billed" to Hall's felon in possession charge.

Kilgo contends that the Prentiss County Sheriff's Department violated his rights under the Fourth Amendment to be free from unreasonable search and seizure, and to be free from excessive force, as well as the Fifth Amendment for just compensation. Kilgo claims that the illegal warrantless search of his vehicle resulted in the illegal seizure of property, i.e., the Chevrolet Corvette and firearm. Kilgo also brings state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and trespass to chattels.

Defendants have filed a Motion for Summary Judgment on the grounds that Plaintiff has failed to state a claim under Section 1983 or state law, or that Defendants are protected by immunity under the MTCA and qualified immunity as held under federal law.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

*Discussion and Analysis*

1. <u>Section 1983</u>

Sheriff Tolar is sued in his official capacity only. Suits against governmental officers or employees in their official capacity are, in reality, suits against the entity that the officer or employee represents. See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."); <u>Kentucky v. Graham</u>, 473 U.S. 159, 167, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[a] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.") Therefore, Plaintiff's claims against Sheriff Tolar in his official capacity are claims against Prentiss County.

To establish liability under 42 U.S.C. Section 1983 on the part of the County, Plaintiff must show that any constitutional violation by the officers was done pursuant to a policy from those entities. "Policy" in this context means either an official policy adopted and promulgated by a city policymaker, or a "persistent, widespread practice" of officials or employees which "is so common and well settled as to constitute a custom that fairly represents municipal policy." <u>Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force</u>, 379 F.3d 293, 309 (5th Cir. 2004); <u>Webster v. City of Houston</u>, 735 F.2d 838, 841 (5th Cir. 1984). For a "custom" as described above to constitute a policy, a policymaker must have either actual or constructive knowledge of it, where a policymaker is a lawmaking officer or "an official to whom the lawmakers have delegated policy-making authority." <u>Johnson</u>, 379 F.3d at 309; <u>Webster</u>, 735 F.2d at 841.

In order to recover from a governmental entity based on an official policy or custom under Section 1983, Kilgo must demonstrate the following: (1) an official policy or custom of which (2) the policy maker can be charged with actual or constructive knowledge and (3) a constitutional violation whose "moving force" is that policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 579 (5th Cir. 2001), cert. denied, 534 U.S. 820, 122 S. Ct. 53, 151 L. Ed. 2d 23. The Plaintiff "must identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984) (en banc). It is the plaintiff's burden to identify a municipal policy or custom which proximately resulted in the plaintiff's constitutional injury. Spiller v. City of Texas City, 130 F.3d 162, 167 (5th Cir. 1997). Additionally, a municipality "may be held liable only for acts for which it is actually responsible." Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 215 (5th Cir. 1998) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)). Thus, a municipality cannot be held liable under Section 1983 on a respondeat superior theory for acts of its employees.

Here, Plaintiff has failed to specify any County policy, practice or custom which endorsed the alleged constitutional violation he suffered. Piotrowski, 237 F.3d at 581. As a result, he cannot establish that any policy was the "moving force" behind the constitutional violation that he alleges. Plaintiff has additionally failed to produce evidence that the policy-making officials for Prentiss County had actual or constructive knowledge of the alleged illegal search. McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989) ("Sufficiently numerous prior incidents of police misconduct, for example, may tend to prove a custom and accession to that custom by the municipality's policymakers. Isolated instances, on the other hand, are inadequate to prove knowledge and acquiescence by policymakers."); Pineda v. City of

Houston, 291 F.3d 325, 330 n.15 (5th Cir. 2002) (citing Spell v. McDaniel, 824 F.2d 1380, 1391 (4th Cir. 1987) ("Constructive knowledge may be inferred from the widespread extent of the practices, general knowledge of their existence, manifest opportunities and official duty of responsible policymakers to be informed, or combinations of these.")). Plaintiff has failed to prove that illegal searches were of such a widespread practice that knowledge should be imputed to the policy-makers of the County.

It is clear that "a municipality's policy of failing to train its police officers can give rise to § 1983 liability." Brown v. Bryan County, 219 F.3d 450, 457 (5th Cir. 2000) (citing City of Canton v. Harris, 489 U.S. 378, 390, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). In order to establish the County's liability, the plaintiff must show (1) inadequate training procedures; (2) that inadequate training caused the officers to violate plaintiff's constitutional rights; and (3) the deliberate indifference of municipal policymakers. Burge v. Parish of St. Tammany, 187 F.3d 452, 472 (5th Cir. 1999). In the Fifth Circuit "to hold a municipality liable for failure to train an officer, it must have been obvious that 'the highly predictable consequence of not training' its officers was that they 'would apply force in such a way that the Fourth Amendment rights of [citizens] were at risk.'" Peterson v. City of Fort Worth, 588 F.3d 838, 849 (5th Cir. 2009). Further, "deliberate indifference" as alleged by a plaintiff generally requires "at least a pattern of similar incidents in which the citizens were injured." Estate of Davis ex rel. McCully v. City of North Richmond Hills, 406 F.3d 375, 383 (5th Cir. 2005). In other words, "[w]hile the specificity required should not be exaggerated, our cases require the prior acts be fairly similar to what ultimately transpired . . . ." Id. To support a claim of deliberate indifference arising out of a single incident such as the incident in this case, a plaintiff must demonstrate that there was a complete and total failure to train, not just a failure to train in one limited area. Id. at 386. As the

court noted in Estate of Davis, "a showing of deliberate indifference requires that the Plaintiffs 'show that the failure to train reflects a "deliberate" or "conscious" choice to endanger constitutional rights.'" Id. at 383.

Plaintiff claims that the Prentiss County Deputies are not trained on the proper execution of searches and seizures. The only offered evidence to show the inadequacy of the officer's training is Tammy Johnson's deposition in which she admits that since taking a position as a dispatcher with the Prentiss County Sheriff's Department, she has not engaged in any field sobriety training. A review of Deputy Johnson's expanded testimony, however, reveals that she testified she was annually trained on field sobriety procedures during her tenure as a deputy. The Court finds that this testimony is not relevant as there is no claim that Plaintiff's field sobriety test resulted in any constitutional violation. Plaintiff has provided no competent evidence of a failure to train on proper search and seizure protocol. See Goodman v. Harris County, 571 F.3d 388, 396 (5th Cir. 2009) (affirming grant of summary judgment on inadequate training claim as plaintiff failed to present evidence of training deficiencies and only speculated that procedures were not observed). Moreover, all deputies involved testified by deposition that they graduated from the Mississippi Law Enforcement Training Academy. Benavides v. Coutny of Wilson, 955 F.2d 968, 972-73 (5th Cir. 1992) (holding that generally, a plaintiff cannot sustain a failure to train or inadequate training claim under Section 1983 if the municipality in question complies with state-mandated training standards for its officers). Plaintiff has not shown that the County was deliberately indifferent in the training and supervision of its deputies or that its policies caused Plaintiff's supposed injury. This claim is dismissed.

In his response to the Motion for Summary Judgment, Plaintiff asserts that he has a claim pursuant to the Fifth Amendment. The original Complaint did not plead a Fifth Amendment

violation, and the Plaintiff never properly amended his Complaint to include this claim. Pursuant to the Federal Rules of Civil Procedure, Plaintiff bears the responsibility of setting forth a short and plain statement of the claims showing that they are entitled to relief. FED. R. CIV. P. 8(a)(2). Because a response to summary judgment is not the proper mechanism for raising new claims, the Court will not address the issue. See Conwill v. Sheriff of Lowndes County, No.: 1:07cv116-SA-JAD , 2008 U.S. Dist. Lexis 75851, *19-20 (N.D. Miss. Sept. 29, 2008).

    2. State Law Claims

Defendants also seek summary judgment on Plaintiff's state law claims. Plaintiff asserted claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and trespass to chattels – vehicle.

The Mississippi Tort Claims Act affords "the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit." Southern v. Miss. State Hosp., 853 So. 2d 1212, 1215 (¶ 10) (Miss. 2003) (citations omitted). The MTCA waives sovereign immunity as to claims for money damages arising out of torts of governmental entities and their employees. However, that statute further provides that "a governmental entity and its employees acting within the course and scope of their employment duties shall not be liable for any claim . . ." "[a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities related to police or fire protection unless the employee acted in reckless disregard of the safety and well being of any persons not engaged in criminal activity at the time of injury." MISS. CODE ANN. § 11-46-9(1).

The MTCA specifically states, however, that a governmental entity is not liable for any "misconduct by its employees which occur outside the course and scope of that employee's employment, such as conduct which constitutes 'fraud, malice, libel, slander, defamation or any

8

criminal offense other than traffic violations.'" Cockrell v. Pearl River Valley Water Supply Dist., 865 So. 2d 357, 361 (Miss. 2004)(citing MISS. CODE ANN. §§ 11-46-5 (2) & 11-46-7 (2)). In this case, Kilgo seeks to impose vicarious liability on Prentiss County for claimed excessive force by deputies. For purposes of Prentiss County's entitlement to summary judgment, it is irrelevant whether such alleged conduct actually occurred or whether those actions taken constituted excessive force. Defendants cannot be held liable for actions taken outside the deputies' scope of employment, including the alleged intentional infliction of emotional distress. McBroom v. Payne, No. 1:06cv1222-LG-JMR, 2010 U.S. Dist. LEXIS 107124, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010) (concluding that claims of battery, assault, and intentional infliction of emotional distress cannot be considered within a police officer's "course and scope of employment" under the MTCA).

Alternatively, Plaintiff has failed to file his intentional infliction of emotional distress claim within the statute of limitations stated for that claim. Indeed, Plaintiff's claim for intentional infliction of emotional distress is time-barred by virtue of the one year statute of limitations contained in Mississippi Code Section 15-1-35. Randolph v. Lambert, 926 So. 2d 941, 945 (Miss. Ct. App. 2006). A claim for intentional infliction of emotional distress accrues on the date upon which the intentional acts forming the basis of the claim occurred. CitiFinancial Mortg. Co. v. Washington, 967 So. 2d 16, 19 (Miss. 2007); Tisdale v. New Palace Casino, No. 1:11-CV-166-HSO-JMR, 2011 U.S. Dist. LEXIS 133385, at *4-*5 (S.D. Miss. Nov. 17, 2011). Plaintiff's intentional infliction of emotional distress claim arises from the events of September 28, 2012, and he did not file his Complaint until December 2, 2013. Therefore, the intentional infliction of emotional distress claim is barred by the applicable statute of limitations and dismissed with prejudice. See MISS. CODE ANN. § 15-1-35; Jones v. Fluor Daniel Servs. Corp., 32 So. 3d 417, 423 (Miss. 2010).

Plaintiff has additionally failed to present a genuine issue of material fact as to his negligent infliction of emotional distress claim. Initially, the Mississippi Supreme Court adopted a permissive view of the negligence-based emotional distress claim, allowing plaintiffs to "recover for emotional injury proximately resulting from negligent conduct," without any physical manifestation of harm "provided only that the injury was reasonably foreseeable by the defendant." Adams v. U.S. Homecrafters, Inc., 744 So. 2d 736, 743 (¶20) (Miss. 1999) (quoting Strickland v. Rossini, 589 So. 2d 1268, 1275 (Miss. 1991)). Later, the Supreme Court changed course, holding that "some sort of physical manifestation of injury or demonstrable physical harm" was required. Am. Bankers' Ins. Co. of Fla. v. Wells, 819 So. 2d 1196, 1209 (¶43) (Miss. 2001). Despite its contrary pronouncement, the Mississippi Supreme Court in American Bankers' noted the conflicting views and explained that it had "applied the line of cases adopting the more restrictive majority view in the most recent holdings on this issue, although the cases applying the minority view [had] not been overruled." Id. More recently, in Wilson v. General Motors Acceptance Corp., 883 So. 2d 56, 65 (¶28) (Miss. 2004), the court emphasized that "[e]ven in this more permissive line of cases [the court has] required a heavy burden of proof in order to establish a right to recover emotional distress damages."

Here, even under the permissive standard, Kilgo's claim fails because a plaintiff must still "prove some sort of injury, whether it be physical or mental." Evans v. Miss. Dep't of Human Servs., 36 So. 3d 463, 476 (¶52) (Miss. Ct. App. 2010) (quoting Ill. Cent. R.R. Co. v. Hawkins, 830 So. 2d 1162, 1174 (¶26) (Miss. 2002)); see also Adams, 744 So. 2d at 743 (¶21) ("language . . . adopting the term 'demonstrable harm' in place of 'physical injury,' indicates that the proof may solely consist of evidence of a mental injury without physical manifestation").

A plaintiff must offer "substantial proof" of emotional harm, Hawkins, 830 So. 2d at 1174 (¶26), and the emotional injuries must be reasonably foreseeable from the defendant's actions. Adams, 744 So. 2d at 742-43 (¶19). Kilgo admits that he has not sought medical or psychological treatment for his emotional distress. He asserts that since the incident, he has had trouble eating and been sleepless and irritable. The Mississippi Supreme Court has held that sleeplessness, nightmares and even multiple visits to a medical doctor were insufficient proof of emotional harm. Hawkins, 830 So. 2d at 1175 (¶27). Particularly, the court re-emphasized in Wilson that being "'very depressed . . . [and] very upset . . . and emotional . . . [and] not able to sleep,' [were] insufficient to sustain an award of damages for mental anguish." Wilson, 883 So. 2d at 65 (¶31) (quoting Strickland, 589 So. 2d at 1275-76); Evans, 36 So. 3d at 476 (¶53) (complaints of sleeplessness and general worry about his family without presentation of medical or psychological treatment fall short of "substantial proof" of emotional harm Mississippi law requires to establish negligent infliction of emotional distress). Kilgo's claims of negligent infliction of emotional distress are dismissed.

Plaintiff's final state law claim, trespass to chattels, lacks the abundance of state court case law that the other state law claims enjoy. The Encyclopedia of Mississippi Law notes that the tort of trespass to chattels "requires proof of defendant's intentional interference with plaintiff's chattel or dispossession." 5 Miss. Prac. Encyclopedia MS Law § 41:78 (citing Dan B. Dobbs, *The Law of Torts*, § 60 (2000)). Where an intentional interference is shown, the only recoverable damage is the value of the chattel, in this instance, the value of the Corvette. Id. (citing PACCAR Fin. Corp. v. Howard, 615 So. 2d 583, 587 (Miss. 1993)).

The Mississippi Supreme Court has held that intentional torts that do not require proof of fraud, malice, libel, slander, or defamation are subject to the MTCA. Zumwalt v. Jones County

Bd. of Supervisors, 19 So. 3d 672 (Miss. 2009). While there is no Mississippi case law stating that trespass to chattels is such, the Court notes that by analogy to civil trespass and its cousin conversion, trespass to chattels is likely one of those intentional torts which fall under the MTCA. Id. (holding that "conversion is an intentional tort arguably subject to the MTCA . . . ."); Cmty. Bank of Ellisville, Miss. v. Courtney, 884 So. 2d 767, 783 (Miss. 2004) (noting that conversion is an intentional tort that does not require proof of fraud, malice, libel, slander, or defamation); see also Town Creek Master Water Mgmt. Dist. of Lee v. Webb, 93 So. 3d 20, ¶11 (Miss. 2012) (equating conversion and trespass both as common law "intentional interference with property"). Like civil trespass, where "the intent necessary for a trespass is for one 'to be at the place on the land where the trespass allegedly occurred,'" Alexander v. Brown, 793 So. 2d 601, 605 (Miss. 2001) (quoting W. Page Keeton, Prosser & Keeton on the Law of Torts § 13, at 73 (5th Ed. 1984)), the only proof necessary for a trespass to chattels is that the defendant "intentional[ly] interfere[ed] with plaintiff's chattel . . ." 5 Miss. Prac. Encyclopedia MS Law § 41:78 (citation omitted). Accordingly, the Court finds that trespass to chattels, although an intentional tort, is subject to the MTCA as an action committed within the course and scope of a governmental entity employee's duties, as it does not require proof of fraud, malice, libel, slander, or defamation.

The MTCA exempts governmental entities from liability for claims arising out of the governmental employee's execution of duties relating to police or fire protection unless that employee acted in reckless disregard. MISS. CODE ANN. § 11-46-9(1)(c). The Mississippi Supreme Court has held that "[r]eckless disregard is 'a higher standard than gross negligence, and it embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.'" City of Jackson v. Shavers, 97 So. 3d 686, 688 (Miss. 2012). With

respect to property damage only, however, the Mississippi Supreme Court has held that the "reckless disregard" exception to immunity does not apply. Lee County v. Davis, 838 So. 2d 243, 245-46 (¶10) (Miss. 2003) (recognizing County's immunity for claim involving property damage and loss due to police actions and/or inactions). That court held that the reckless disregard standard only applies to the safety and well-being of any *person*, and given the clear and unambiguous language of Mississippi Code Section 11-46-9(1)(c), that standard should not been extended where there has been no personal injury. Id. As noted above, Plaintiff's trespass to chattels claim, if proven, could result in damages equal to the value of the chattel. 5 Miss. Prac. Encyclopedia MS Law § 41:78 (citing Dan B. Dobbs, *The Law of Torts*, § 60 (2000)). Kilgo has failed to allege any personal injury pursuant to his trespass to chattels claim. Accordingly, Defendants are entitled to the immunity outlined under Mississippi Code Section 11-46-9(1)(c) for the trespass to chattels claim as there is no personal injury alleged, only injury to property. Therefore, Plaintiff's trespass to chattels claim is dismissed.

*Conclusion*

Defendant's Motion for Summary Judgment [30] is GRANTED. Plaintiff's claims are dismissed, and this case is CLOSED.

SO ORDERED, this the 2nd day of June, 2015.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**